# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DOUGLAS L. LUTZ, TRUSTEE
FOR THE LIQUIDATION OF
DONAHUE SECURITIES, INC.
AND S.G. DONAHUE & COMPANY, INC.,                  Civil Action No. 1:03-cv-750
     Plaintiff,

     vs.

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,                                           **REPORT AND**
                                                   **RECOMMENDATION**
     Defendant.                      (Beckwith, J.; Hogan, M.J.)


This matter is before the Court on plaintiff's motion for sanctions against defendant St.

Paul Fire and Marine Insurance Company (St. Paul) for failure to appear at a deposition (Doc.

15), defendant's response and supplemental memorandum thereto (Docs. 19, 21), and plaintiff's

reply memorandum (Doc. 20), and on plaintiff's motion for leave to file the deposition of Sandra

Woodbury in support of the motion for sanctions (Doc. 25), defendant's memorandum in

opposition (Doc. 26), and plaintiff's reply memorandum. (Doc. 27).

This is a breach of contract action brought by plaintiff Douglas L. Lutz, Trustee for the

Liquidation of Donahue Securities, Inc., an Ohio corporation registered with the Securities and

Exchange Commission as a broker-dealer to engage in the securities business, and S.G. Donahue

& Company, Inc., against defendant St. Paul.  Defendant denied coverage under commercial

crime policies issued by defendant and USF&G, defendant's predecessor in interest, for losses

sustained due to the dishonest acts of Stephen G. Donahue, the former sole shareholder, sole

director and president of  Donahue Securities, Inc. (DSI).  The subject insurance policies provide

coverage to DSI for loss sustained by "Employee Dishonesty" as defined in the policies.

Defendant denied coverage on the ground that Stephen G. Donahue was not an "employee" as

defined in the policies, but rather the alter ego of the company.

Pursuant to Fed. R. Civ. P. 37(d), plaintiff seeks sanctions against defendant for its failure to attend its own deposition.  Plaintiff asserts he served a Fed. R. Civ. P. 30(b)(6) notice of deposition of defendant by a designated person having knowledge of the underwriting and pricing of the insurance policies at issue, but defendant designated a person unprepared for the deposition and almost wholly ignorant of these matters.  Plaintiff's Rule 30(b)(6) notice requested defendant to designate a person or persons having knowledge of the following:

(5) St. Paul's marketing activities with respect to the Policy [the St. Paul policy].

(6) St. Paul's knowledge of USF&G's marketing activities with respect to the Prior Policy [the USF&G policy].

(7) St. Paul's underwriting and pricing of the Policy.

(8) St. Paul's knowledge of USF&G's underwriting and pricing of the Prior Policy.
(Doc. 15, Exh. A).  In response to the notice, defendant designated Cary Meiners, an insurance underwriter practice leader for St. Paul, to testify on items (5) through (8).  At issue in this case are items (7) and (8).  According to plaintiff, Mr. Meiners was almost totally ignorant of both USF&G and St. Paul's underwriting and pricing of the policies in question.  In support of the motion, plaintiff cites to several responses given by Mr. Meiners to questions posed which illustrated his lack of knowledge. (Doc. 15 at 2-6 and citations therein).  Plaintiff contends that the designation of an ignorant witness pursuant to a Rule 30(b)(6) notice of deposition is tantamount to a failure to appear for the deposition and warrants sanctions in this matter.  Plaintiff seeks an order requiring defendant to pay plaintiff's fees and expenses on Mr. Meiners' deposition, plus plaintiff's fees and expenses, including travel time and expenses, to take additional depositions of a present and former underwriter for St. Paul to obtain the information

2

Mr. Meiners was designated to provide, plus plaintiff's fees and expenses on the instant motion for sanctions.

Defendant opposes the motion for sanctions, arguing that plaintiff failed to provide adequate notice of the topics upon which he wanted to depose St. Paul in the original Rule 30(b)(6) notice.  Defendant asserts that Mr. Meiners was in fact prepared and testified extensively on the broad issues identified in the deposition notice. (Doc. 19 at 2-3, and deposition citations therein).  Defendant contends that while the original deposition notice requested an individual with knowledge of St. Paul's "pricing and underwriting," it was only after the deposition concluded that plaintiff made it known that what he was actually seeking was the designation of an individual able to testify in detail regarding each minute step in the premium calculation.  Defendant contends that had plaintiff wanted an individual to be prepared to provide such testimony, plaintiff should have specifically included such information in the notice. (Doc 19 at 6).  Defendant further contends that Mr. Meiners testified fully in response to the questions posed as to St. Paul's knowledge of USF&G's underwriting and pricing of the Prior Policy which dated back to 1993.  Because St. Paul does not have any employees who were involved in or recall the specifics of the underwriting or pricing of the prior policy, St. Paul's only source of information is USF&G's underwriting file, which was previously produced to plaintiff.  Mr. Meiners reviewed USF&G's underwriting file and provided testimony regarding St. Paul's knowledge based on such review.  Mr. Meiners testified that in order to decipher the details of the rating work sheet, questions would have to be directed to "the person who matched the application they used to the rating system" (Meiners Depo. at 47-48), whom defendant has attempted to locate albeit unsuccessfully.  Defendant asserts that a review of Mr. Meiners' deposition transcript reveals defendant was not attempting to thwart discovery in this matter and

3

that sanctions are not justified.  Defendant agreed to produce another Rule 30(b)(6) witness in response to a more specifically tailored notice and another deposition was scheduled at the same time as depositions of other individuals, negating plaintiff's suggestion that he will be forced to incur the additional expense of a trip to Minnesota which he would not have otherwise taken. Defendant requests the Court to award defendant its reasonable expenses incurred in opposing the motion for sanctions.

In reply, plaintiff argues that both the St. Paul and USF&G underwriting files contain documents that appear relevant to pricing the policies.  Although Mr. Meiners testified he reviewed such files, he was unable to explain how certain documents contained in both the St. Paul and USF&G underwriting files were relevant to pricing the policies, the subject on which he was designated to testify.  He was unable to explain the relationship between the DSI Application for the policy and pricing the policy or how to explain the particulars of Rating Worksheet.  His lack of knowledge in these respects rendered him, in effect, absent from the deposition.

Rule 30(b)(6) provides that the person designated to testify on behalf of a corporation "shall testify as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).  The Rule "implicitly requires the designated representative to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the sandbagging of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial." *Starlight Intern. Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999).  *See also United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996)(recommendation of Magistrate Judge), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996).   An

4

improper Rule 30(b)(6) designation may amount to a failure to appear and warrant sanctions under Rule 37. *Black Horse Lane Assoc., L.P. v. Dow Chemical Corp.,* 228 F.3d 275, 304 (3d Cir. 2000); *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993). The Court in *Resolution Trust Corp.* explained the rationale for imposition of sanctions for failure to appear under Rule 37 when the designated Rule 30(b)(6) deponent is unprepared.  In contrast to the deposition of a natural person:

> The deposition of a corporation . . . poses a different problem, as reflected by Rule 30(b)(6).  Rule 30(b)(6) streamlines the discovery process.  It places the burden of identifying responsive witnesses for a corporation on the corporation. Obviously, this presents a potential for abuse which is not extant where the party noticing the deposition specifies the deponent.  When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent.  If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.

*Id*. at 197.

This Court has carefully read Mr. Meiners' deposition in its entirety and finds that Mr. Meiners was inadequately prepared for the Rule 30(b)(6) deposition in this matter.  Defendant's claim that plaintiff failed to provide adequate notice of the deposition topics is unavailing.  The deposition notice specifically requested designation of a person with knowledge of "St. Paul's underwriting and pricing of *the Policy*" and "St. Paul's knowledge of USF&G's underwriting and pricing of *the Prior Policy*" (Doc. 15, Exh. A, emphasis added) which reasonably put defendant on notice that the deposition would include a review of documents specific to the Policies issued to DSI, including the specific Rating Worksheets and applications found in the underwriting files used to arrive at DSI's premium.   Mr. Meiners was obligated to review all corporate documentation that might have had a bearing on the 30(b)(6) deposition topics.  If Mr. Meiners did not possess personal knowledge of the underwriting and pricing of the DSI Policies

as set forth in the deposition notice, defendant was obligated to prepare Mr. Meiners so he could give knowledgeable and binding answers for the corporation. *Taylor*, 166 F.R.D. at 361, citing *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995). This information included that from Sandra Woodbury, a former St. Paul employee, who was the account underwriter and manager of the commercial crime underwriting unit when St. Paul issued the policy in question. Ms. Woodbury subsequently testified at her own deposition and provided the information Mr. Meiners was unable to provide. Defendant acknowledges that prior to Mr. Meiners deposition it "discussed the underwriting of the policy with Ms. Woodbury at length. . ." (Doc. 26 at 2). Mr. Meiners also acknowledged that Ms. Woodbury was the person who actually underwrote the DSI policy and that he spoke with her prior to the deposition. (Meiners Depo. at 34). Nevertheless, Mr. Meiners was unprepared to answer many of the questions reasonably outlined in the deposition notice in this matter. The fact that defendant no longer employed Ms. Woodbury did not relieve it from preparing Mr. Meiners for the deposition to the extent such information was reasonably available, whether from documents, past employees, or other sources. *Taylor*, 166 F.R.D. at 361.

The Court finds that defendant has failed to make a good faith effort to adequately prepare Mr. Meiners to testify in accordance with Rule 30(b)(6). Such lack of preparation has resulted in lost time and money for plaintiff. "[I]nadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings." *Taylor*, 166 F.R.D. at 363. While the parties acknowledge that the information Mr. Meiners was unable to provide has now been obtained through other deponents, fairness dictates that defendant reimburse plaintiff for the cost of Mr. Meiners' deposition. Accordingly, plaintiff's motion for sanctions should be **GRANTED**.

For good cause shown, plaintiff's motion to supplement the motion for sanctions should also be **GRANTED**.  Contrary to defendant's contention, the Court does not construe plaintiff's motion to supplement as evidence that the deposition of Sandra Woodbury "was the only source from which he obtained the information he purportedly did not discovery during the initial 30(b)(6) deposition of Mr. Meiners" (Doc. 26 at 1), but rather an indication that such information was readily available and easily accessible to defendant for its preparation of Mr. Meiners for his deposition or any other deponent defendant chose to designate under Rule 30(b)(6).  Because the deposition of Ms. Woodbury was not taken and transcribed until after the briefing on the motion for sanctions was closed and such information is relevant to the decision in this matter, the Court should grant plaintiff's motion to supplement.

Defendant should be ordered to pay plaintiff's fees and expenses on Mr. Meiners' deposition and plaintiff's fees and expenses on the instant motion for sanctions.  Plaintiff is not, however, entitled to fees and expenses for the additional depositions taken as plaintiff must bear the expense of at least one Rule 30(b)(6) deposition.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's motion for sanctions be granted.

2.  Plaintiff's motion to supplement the motion for sanctions be granted.

3.  Defendant be ordered to pay plaintiff's fees and expenses on Mr. Meiners' deposition and plaintiff's fees and expenses on the instant motion for sanctions.

Date:_5/24/2005__                         _s/Timothy S. Hogan_____
                                          Timothy S. Hogan
                                          United States Magistrate Judge

7

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8